1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    CLOS LA CHANCE WINES, INC.,                  Case No. 5:16-cv-04047-EJD

            Plaintiff,
9                                                 **ORDER GRANTING DEFENDANT'S**
         v.                                       **MOTION FOR RECONSIDERATION**
10                                                **AND FOR RELIEF FROM JUDGMENT**

11   AV BRANDS, INC.,                             Re: Dkt. No. 15

            Defendant.
12

13          Within this action to confirm an arbitration award, Defendant AV Brands, Inc.

14   ("Defendant") moves under Federal Rules of Civil Procedure 59(e) and 60(b) to reconsider an

15   order that granted confirmation to Plaintiff Clos La Chance Wines, Inc. ("Plaintiff") and resulted

16   in a judgment in Plaintiff's favor after Defendant failed to file an opposition.  Dkt. No. 15.

17   Plaintiff opposes Defendant's reconsideration motion.

18          This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-

19   1(b), and the hearing scheduled for November 3, 2016, is VACATED.  Having reviewed the

20   record in conjunction with the parties' papers, the inescapable conclusion is that Defendant

21   neglected to observe the standard briefing deadline provided in Civil Local Rule 7-3(a).  Such

22   neglect, however, is excusable under the circumstances and relief is necessary to prevent a

23   manifest injustice.  Consequently, the court finds, concludes and orders as follows:

24          1.      As noted, Plaintiff's motion arises under Rules 59(e) and 60(b).  "In general, there

25   are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is

26   necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such

27

28   Case No.: 5:16-cv-04047-EJD
     ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR
     RELIEF FROM JUDGMENT

1

United States District Court
Northern District of California

1    motion is necessary to present newly discovered or previously unavailable evidence; (3) if such

2    motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an

3    intervening change in controlling law." <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir.

4    2011).  Relief under Rule 59(e) is "extraordinary" and "should be used sparingly." <u>McDowell v.</u>

5    <u>Calderon</u>, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); <u>Weeks v. Bayer</u>, 246 F.3d 1231, 1236 (9th Cir.

6    2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e)

7    since only "highly unusual circumstances" will justify its application).

8         2.     "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake,

9    surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a

10    satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'"

11    <u>Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)

12    (quoting <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir. 1991)).  "Rule 60(b) is 'remedial

13    in nature and . . . must be liberally applied.'" <u>TCI Group Life Ins. v. Knoebber</u>, 244 F.3d 691, 696

14    (9th Cir. 2001) (quoting <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984)).

15         3.     "To determine whether a party's failure to meet a deadline constitutes 'excusable

16    neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to

17    the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

18    reason for the delay; and (4) whether the movant acted in good faith." <u>Ahanchian v. Xenon</u>

19    <u>Pictures, Inc.</u>, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick</u>

20    <u>Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993); <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379,

21    381 (9th Cir. 1997)).  This is known as the <u>Pioneer/Briones</u> test.  <u>Id.</u>

22         4.     Here, Defendant essentially argues it failed to file a timely opposition to Plaintiff's

23    motion to confirm the arbitration award because, in its opinion, that motion was not properly

24    noticed.  The record shows that Plaintiff filed the confirmation motion on August 9, 2016, along

25    with an administrative motion to shorten the time for hearing the confirmation motion.  Dkt. Nos.

26    10, 11.  As Defendant points out, the confirmation motion did not include a hearing date in the

27

28    Case No.: <u>5:16-cv-04047-EJD</u>
      ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR
      RELIEF FROM JUDGMENT

United States District Court
Northern District of California

caption; instead it includes the entry "XXXX, 2016" in place of the date. According to Defendant, it believed under the state of the pleadings that it should wait for the court to rule on the administrative motion and provide instruction on a briefing schedule and hearing date before filing an opposition to the confirmation motion.

4.      But in assuming it should wait to respond, Defendant assumed too much. This is because the local rule that governs the briefing of noticed motions is not at all tied to hearing dates. Indeed, Civil Local Rule 7-3(a) unequivocally states in pertinent part that "[t]he opposition must be filed and served not more than 14 days after the motion was filed," without regard to a scheduled or unscheduled hearing. And as confirmation of this point, it is notable that the Rule 7-3(a) deadline was reflected in the docket text that populated when Plaintiff filed the confirmation motion; the docket entry specifically provided that responses to the motion were "due by 8/23/2016." It is therefore evident that Defendant neglected to account for both Rule 7-3(a) and the docket text when it chose not to file an opposition by the standard deadline, or to even clarify the issue with the court or with Plaintiff if it believed the deadline was uncertain.

5.      Moreover, Defendant's decision to simply remain idle in response to the confirmation motion is not nearly as reasonable as Defendant would make it seem. By choosing to wait for the court to act on the administrative motion to shorten time before doing anything in relation to the confirmation motion, Defendant seems to have assumed the court would, at the very least, designate some alternative or extended briefing schedule (despite Defendant's written opposition to such relief). But the court could have denied the motion outright, or could have advanced the hearing date without modifying the deadlines provided in Rule 7-3(a). Under either scenario, the briefing schedule would have remained unchanged, and Defendant's opposition to the confirmation motion would have been due on August 23, 2016.

6.      That being said, and without condoning Defendant's conduct, the court nonetheless finds that Defendant's failure to file a timely opposition constitutes excusable neglect. Liberally applying the factors of the Pioneer/Briones test, there is little prejudice to Plaintiff in vacating the

3

United States District Court
Northern District of California

1    order and judgment and permitting Defendant to file an opposition to the confirmation motion

2    because doing so only sets aside the "quick victory" Plaintiff obtained when Defendant defaulted

3    on the briefing schedule.  See Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th

4    Cir. 2000) (holding that the loss of a "quick victory" and the need to proceed to trial "is

5    insufficient to justify denial of relief under Rule 60(b)(1)").  Though Plaintiff contends further

6    delay will cause it additional financial distress, the court is not persuaded that such distress

7    overcomes the "traditional preference for hearing a case on the merits."  Wilson v. Moore &

8    Assocs., 564 F.2d 366, 371 (9th Cir. 1977).  Plaintiff was aware of its financial circumstances

9    when it initiated this action, and must have known those circumstances would persist no matter the

10   time it would take to resolve the litigation.

        7.      Similarly, the length of Defendant's delay - which was approximately one week at

11   the time the court granted the confirmation and entered judgment - is minimal, and the potential

12   impact on the proceedings from granting Defendant relief is of no moment.  Again, vacating the

13   order and judgment simply allows the case to be determined on its merits, rather than through

14   proceedings akin to a default.

15           8.      In addition, while failing to diligently observe the requirements of a local rule is

16   certainly a weak justification for Defendant's omission, the court observes that the Ninth Circuit

17   has granted Rule 60(b) relief with far less persuasive explanations.  Ahanchian, 624 F.3d at 1263.

18           9.      Furthermore, there is no evidence to suggest that Defendant's failure to file a

19   timely opposition was in bad faith.  As noted, Defendant was apparently under the impression it

20   should wait for the court to rule on the administrative motion to shorten time before proceeding

21   with any briefing.  Though this was error and certainly less than conscientious, the court cannot

22   say that it constitutes bad faith.

23           10.    Accordingly, the court concludes under Rule 60(b) that Defendant sufficiently

24   established that its failure to timely file the opposition to the confirmation motion was the result of

25   excusable neglect.  The court also finds under Rule 59(e) that a manifest injustice will ensue if

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR
RELIEF FROM JUDGMENT

United States District Court
Northern District of California

1    relief is not granted to Defendant.

2        Thus, Defendant's motion for reconsideration and for relief from judgment (Dkt. No. 15) is

3    GRANTED, and the order and judgment filed on August 31, 2016 (Dkt. Nos. 13, 14) are

4    VACATED.  The Clerk shall reopen this file.

5        The confirmation motion (Dkt. No. 11) is rescheduled for hearing at **9:00 a.m. on**

6    **December 15, 2016**.  The court construes the document filed by Defendant on September 23,

7    2016 (Dkt. No. 22), as its opposition to the confirmation motion.  Plaintiff shall file its reply to the

8    opposition, if any, on or before **November 8, 2016.**

9        Given the state of this action, the court declines to schedule a Case Management

10   Conference at this time.  However, the parties may request a Case Management Conference be

11   scheduled through stipulation or through an administrative motion under Civil Local Rule 7-11.

12

13       **IT IS SO ORDERED.**

14   Dated:  October 31, 2016



15

16   EDWARD J. DAVILA
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

5