UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLOS LA CHANCE WINES, INC., <br>     Petitioner, <br> v. <br> AV BRANDS, INC., <br>     Respondent. | Case No. 5:16-cv-04047-EJD <br><br> **ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON** <br><br> Re: Dkt. No. 11 |

This case presents only one question: whether the court should confirm or vacate a Final Arbitration Award pursuant to standards promulgated by the Federal Arbitration Act ("FAA"). Petitioner Clos La Chance Wines, Inc. ("Petitioner") believes the court should confirm an award issued in its favor, and applies for an order and judgment consistent with that position. Dkt. No. 11. Respondent AV Brands, Inc. ("Respondent") disagrees and puts forward several reasons for which it believes the award should be vacated.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully reviewed the relevant pleadings, it is apparent that Respondent's challenges to the Final Arbitration Award are unmeritorious. Because the court will reject them all, Petitioner's application will be granted for the reasons explained below.

**I. BACKGROUND**

    **A. The Parties' and the Contract**

Petitioner is a "[s]upplier engaged in the production of wine for worldwide distribution, including the United States." Respondent is a "licensed importer and wholesaler of alcoholic

1

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

beverages for the United States." Effective February 8, 2012, Petitioner and Respondent entered into a "U.S. Distribution and Brand Agency Agreement" (the "Agreement") through which Petitioner appointed Respondent its exclusive brand agent and distributor of its wine products for the United States and Puerto Rico. The appointment was for a five-year period, "unless earlier terminated"

Certain obligations were imposed on Respondent by the Agreement's terms. In relevant part, Respondent was required to use "commercially reasonable efforts to develop, promote and sell" Petitioner's products, and was required to use "commercially reasonable efforts to maintain the size of its current sales force." In addition, Respondent was subject to yearly "goals" dictating the number of wine cases it was required to purchase. For 2012, Respondent's goal was 40,000 cases; for 2013, the goal was 50,000 cases; for 2014, 60,000 cases; for 2015, 70,000 cases; and for 2016, 75,000 cases.

For the first contract year of 2012, the parties agreed that Respondent need only use "best efforts" to achieve the purchase goal and that a failure to achieve the goal for that year would not amount to a breach of the Agreement. However, commencing with 2013, Petitioner could terminate the Agreement if Respondent failed to achieve at least 85% of the goals for two consecutive years.

The Agreement specified it should be interpreted, construed and enforced according to California law. It also contained a dispute resolution provision: the parties agreed that "any and all disputes arising under this Agreement shall be first submitted to formal mediation before JAMS in San Jose, California." Any disputes persisting past mediation "shall be submitted to binding arbitration before JAMS in San Jose, California."

**B.  The Arbitration**

Petitioner filed a demand for arbitration on June 3, 2015, alleging that Respondent breached the Agreement by failing to comply with the yearly purchase "goals," and by failing to use "best efforts" and "commercially reasonable efforts" in staffing Petitioner's account and

2
Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON

selling its products. Respondent filed a response and counterclaim on June 25, 2015, denying Petitioner's allegations and seeking damages incurred as a result of Petitioner's alleged breaches of the Agreement.

An arbitration occurred before Retired Judge William J. Cahill at the JAMS office in San Jose over three days in March, 2016. In a Final Arbitration Award dated June 22, 2016, Judge Cahill found: (1) the "goals" outlined in the Agreement were mandatory; (2) Petitioner retained all rights to recover damages for breach of the Agreement, (3) Petitioner is entitled to damages against Respondent totaling $1,739,681, which amount includes $200,000 to compensate Petitioner for future time and costs associated with recapturing its market position; (4) the Agreement terminated as of January 1, 2016, thereby cutting off any further damages; (5) Petitioner is entitled to a costs award totaling $41,285.86, and (6) Petitioner was not entitled to prejudgment interest.

Petitioner sought confirmation of the Final Arbitration Award in Santa Clara County Superior Court, which action Respondent removed to this court. This motion followed the removal.

**II.  LEGAL STANDARD**

Generally, the scope of a federal court's review of a final arbitration award under the FAA is "extremely limited." G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1105 (9th Cir. 2003). The court must confirm and enter judgment on an award "unless the award is vacated, modified, or corrected" according to other sections of the FAA, specifically 9 U.S.C. §§ 10 or 11. 9 U.S.C. § 9.

When considering a contested issue of confirmation, the district court must afford great deference to the arbitrator's decision. See Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir.1996); see also Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir. 1989). The court must also remain mindful that "arbitration is a consensual agreement of the parties to substitute a final and binding judgment of an impartial entity for the judgment of the court." Coast Trading Co. v. Pac. Molasses Co., 681 F.2d 1195, 1197 (9th Cir.

3

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

1982). As a consequence, the FAA provides only limited grounds on which an award can be disturbed:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Importantly, "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award." Bosack v. Soward, 586 F.3d 1096, 1102 (9th Cir. 2009). The "burden of establishing grounds for vacating an arbitration award is on the party seeking it." United States Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010).

### III. DISCUSSION

As noted, Respondent makes several arguments in an effort to vacate the Final Arbitration Award. Each is addressed in turn, and none are successful.

#### A. Judge Cahill Did Not Exceed His Powers by Awarding Damages for Loss of Market Position

Respondent argues Judge Cahill exceeded his powers by awarding Petitioner $200,000 in addition to damages for lost profits as compensation for the time and costs associated with recapturing its market share. According to Respondent, this amount "is not tied to any damages foreseeably arising from a breach of the Agreement," and there is not a contract provision permitting these "unusual damages." Respondent also contends the $200,000 award contradicts

4

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON

another provision of the Agreement which it believes limits its liability. The challenge is misplaced on both grounds.

The Ninth Circuit has held that arbitrators "exceed their powers" within the meaning of § 10(a)(4) "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 998 (9th Cir. 2003) (internal citations omitted). "This is a high standard for vacatur," and requires something more than error, or even serious error. Lagstein v. Certin Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010) (citing Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010)).

"An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement." Id. at 642 (internal quotation omitted). And an award "draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." Bosack, 586 F.3d at 1106.

"'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." Lagstein, 607 F.3d at 641 (quoting Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995)). Instead, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Id. (internal quotation omitted). In addition, any law alleged to have been disregarded must be well defined, explicit, and clearly applicable. Collins v. D.R. Horton, Inc., 505 F.3d 874, 879-80 (9th Cir. 2007).

Respondent has not satisfied its burden to show that Judge Cahill exceeded his powers by awarding Petitioner $200,000 for loss of market share. Respondent relies on the general law of contracts permitting only the recovery of foreseeable damages, but does not cite to a portion of the arbitration record showing that Judge Cahill recognized and then disregarded that legal tenet. This portion of the argument is therefore something akin to claiming that Judge Cahill misunderstood

5
Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON

the applicable law and is not a valid reason for vacatur. Lagstein, 607 F.3d at 641.

Nor is the award completely irrational as not drawn from the "essence" of the Agreement. Though Respondent takes a more restrictive view of what can be classified as contract damages, it is nonetheless true that "general damages are a natural and necessary consequence of a contract breach," which "are often said to be within the contemplation of the parties, meaning that because their occurrence is sufficiently predictable the parties at the time of contracting are 'deemed' to have contemplated them." Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist., 34 Cal. 4th 960, 968 (2004). And as one of Respondent's own cited authorities recognizes, the "natural and necessary" limitation on contract damages "does not mean that the parties should actually have contemplated the very consequence that occurred, but simply that the consequence for which compensation is sought must be such as the parties may be reasonably supposed, in the light of all the facts known, or which should have been known to them, to have considered a likely to follow in the ordinary course of things, from a breach, and therefore to have, in effect, stipulated against." Hunt Bros. Co. v. San Lorenzo Water Co., 150 Cal. 51, 56 (1906). "The understanding and intention of the parties in this regard must, of course, be ascertained from the language of the contract, in the light of such facts." Id. at 56-57.

Here, the Agreement's recitals establish that the purpose of the contract was to appoint Respondent as the "exclusive distributor" of Petitioner's wine products in the United States and Puerto Rico. Under this arrangement, it is not completely irrational to find that, at contract formation, the parties supposed a loss of market share in the covered territory would result if Respondent failed to satisfy its obligations to purchase and market Petitioner's products. As a consequence, Judge Cahill's determination that Petitioner should be awarded damages for loss of market position as a "natural and necessary" consequence of Respondent's breach is likewise not a finding that can be overturned.[1]

---

[1] Respondent suggests an inconsistency in Judge Cahill's Final Arbitration Award because, on the one hand, he determined Respondent's only legal obligation under the Agreement was to purchase wine, but on the other, Judge Cahill awarded damages for loss of market share. The court does not

6
Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

Furthermore, Respondent's re-argument of issues raised before and decided by Judge Cahill are of no assistance. Respondent contends Section 3 of the Agreement, through which Petitioner acknowledged that Respondent "does not guarantee the future success" of Petitioner's products in the covered territory, must mean that damages for loss of market position were not a foreseeable consequence of a breach of the Agreement. But Judge Cahill found that Section 3 "relates to [Respondent's] obligation to promote [Petitioner's] brand and distribute its wine in the marketplace," rather than imposes a limitation on damages flowing from Respondent's breach of the minimum purchase obligations. This court cannot revisit Judge Cahill's interpretation of Section 3 in this context. Bosack, 586 F.3d at 1106.

For these reasons, the court does find Judge Cahill exceeded his powers by awarding Petitioner $200,000 for the time and costs associated with recapturing its market position.

**B.    Judge Cahill Did Not Manifestly Disregard the Law by Awarding Damages for Loss of Market Position**

Respondent argues that Judge Cahill manifestly disregarded California law prohibiting breach of contract damages based on speculative evidence. More specifically, Respondent contends Judge Cahill was fully aware of the governing authority but then proceeded to award damages based on evidence he found to be speculative.

That argument is unpersuasive for two reasons. First, Respondent overlooks an important clarification made by Judge Cahill in the Final Arbitration Award. In response to Respondent's objection on this topic, Judge Cahill explained:

> As to Issue #2, in the Interim Award, the arbitrator found that [Petitioner] is entitled to $200,000 in damages for the future time and costs to recapture its market position. [Petitioner] sought damages in this category of between $400,000 and $1,000,000. The arbitrator found that much of what Mr. Mertz testified to was speculative, but his testimony that [Petitioner] would incur some costs in regaining at least some market share was not speculative

---

share Respondent's interpretation of the Final Arbitration Award as including an implicit limitation on damages. To the contrary, Judge Cahill found that Petitioner retained all rights to recover damages for Respondent's breach.

7

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON

and was persuasive to the arbitrator.

This is an important statement is because it provides additional insight into Judge Cahill's view of the evidence, some of which he found concrete enough to support a damages award for loss of market position.

Second, evaluating Judge Cahill's factual findings and characterization of the evidence is beyond the scope of review. Id. at 1105. This court has "no authority to re-weigh the evidence" in a manner that differs from Judge Cahill. Coutee v. Barington Capital Grp., L.P., 336 F.3d 1128, 1134 (9th Cir. 2003).

In sum, Respondent has not persuasively shown that Judge Cahill manifestly disregarded the law by awarding Petitioner $200,000 for loss of market position.[2]

### C. Judge Cahill Did Not Manifestly Disregard the Law by Awarding Damages for 2015

Respondent argues Judge Cahill manifestly disregarded the "bedrock principle of California contract law is that '[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.'" Brown v. Dillard's, Inc., 430 F.3d 1004, 1006 (9th Cir. 2005) (quoting Pry Corp. of Am. v. Leach, 177 Cal. App. 2d 632, 639 (1960)). To that end, Respondent lists several items of undisputed evidence it believes demonstrate that Petitioner was in default of its obligations under the Agreement.

This argument fails. At its core, this challenge is not based in purported ignorance of the law, but rather in purported ignorance of facts. Generally, "[m]anifest disregard of the facts is not an independent ground for vacatur in this circuit." Coutee, 336 F.3d at 1133. However, there are certain instances when "legally dispositive facts are so firmly established that an arbitrator cannot fail to recognize them without manifestly disregarding the law." Id. But for an "ignorance of

---

[2] Respondent also argues the $200,000 award can be vacated as "arbitrary and capricious" because the grounds for it "cannot be inferred from the facts of the case." Respondent cites to no legal authority advocating the application of an arbitrary and capricious legal standard to arbitration awards. In any event, this argument is merely a rehash of the ones that precede it and is rejected for the reasons already stated.

8

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON

facts" argument to succeed, the arbitration record must demonstrate "an arbitrator's failure to recognize undisputed, legally dispositive facts." Id.

Here, Respondent overlooks another clarification in the Final Arbitration Award, through which Judge Cahill expressly declined Respondent's request "to expressly find that [Petitioner] was in breach of the parties' Agreement in 2015, and as a result of that material breach, [Petitioner's] breach of the Agreement claim must fail for that year." Since the record shows that Judge Cahill considered the dispute, this court does not find that Judge Cahill disregarded either law or fact with regard to Petitioner's alleged breach; he actually ruled on it. See id. at 1134.

### D. Respondent Has Not Shown the Final Arbitration Award was Procured Through Undue Means or Fraud

Respondent claims Petitioner engaged in fraud during the arbitration proceedings primarily through its presentation of expert testimony, and thereby obtained a favorable award through undue means. The Ninth Circuit has held that vacatur for "undue means" requires citation to conduct that is "immoral, if not illegal." A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992). To vacate an award due to fraud, the moving party "must show that the fraud was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." Id. at 1404.

Respondent cites no evidence demonstrating the conduct of either Petitioner or its expert was fraudulent, or that the award was procured through undue means. After detailing the testimony of Petitioner's damages expert and its principals, Respondent states they kept "under wraps" the information about Petitioner's wine production for 2015 in an effort to inflate damages. But it is expected in adversarial civil litigation that parties will emphasize facts favorable to their position while downplaying those that are not. Such litigation activity is not fraudulent, immoral or illegal, since deficiencies in the evidence can be tested through cross-examination and pointed out in argument. And here, Respondent's pleadings reveal it was aware of different information

9

Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON

about Petitioner's 2015 wine production and raised that information at various times during the arbitration. That Judge Cahill did not accept its position is not a basis to vacate the award. See id. at 1403 ("[W]here the fraud or undue means is not only discoverable, but discovered and brought to the attention of the arbitrators, a disappointed party will not be given a second bite at the apple.").

Because it has not met its burden to show fraud or undue means, the arbitration award will not be vacated on those grounds.

### E. Judge Cahill's Finding that the Agreement's Purchase Goals are Mandatory is Not Irrational

Respondent argues the "goals" described in the Agreement are not mandatory purchase obligations and that Judge Cahill's finding to the contrary is irrational, illogical and arbitrary. This argument is misplaced. In the Final Arbitration Award, Judge Cahill cited the rules applicable to contract interpretation, applied them, and carefully explained his interpretation of the Agreement. Respondent may advocate for something different, but the existence of an alternative interpretation of a contract does not render "irrational" the one adopted by the arbitrator, even if erroneous. See Bosack, 586 F.3d at 1106. This argument is rejected for that reason.

### F. Judge Cahill Did Not Exceed His Powers By Finding Petitioner Can Sue for Damages

For its final argument, Respondent contends Judge Cahill could not award damages under the terms of the Agreement because it did not fail to meet 85% of the goals in two consecutive years. The premise underlying Respondent's position, however, are facts alternative to those found in arbitration. Respondent argues its failure to meeting the goal in 2012 was not a breach, concedes it did not meet the goal in 2013, but alleges it met the goal in 2014. But Judge Cahill found that Respondent did breach the Agreement in 2012, and this court cannot revisit that finding. See Collins, 505 F.3d at 879. When coupled with Respondent's admission about the 2013 goal, Judge Cahill could permissibly find a basis to award damages that does not exceed his

10
Case No.: 5:16-cv-04047-EJD
ORDER GRANTING APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT THEREON

powers under the Agreement.

In the end, Respondent has not provided a cognizable basis to vacate the Final Arbitration Award. Petitioner's confirmation application will therefore be granted.

## IV. ORDER

The Application for Order to Confirm Final Arbitration Award and Enter Judgment Thereon (Dkt. No. 11) is GRANTED.

Petitioner is awarded prejudgment interest (Britz, Inc. v. AlfaLaval Food & Dairy Co., 34 Cal. App. 4th 1085, 1106-07 (1995)) and post-judgment interest according to 28 U.S.C. § 1961(a).

Petitioner shall submit a proposed judgment that includes interest amounts on or before June 28, 2017.

**IT IS SO ORDERED.**

Dated: June 23, 2017

_____
EDWARD J. DAVILA
United States District Judge